## HELFRICH v THACKERY

Ohio Appeals, 3rd Dist, Crawford Co
No 1229. Decided March 12, 1930

Charles Gallinger, Bucyrus, for Helfrich.
Roy Warren Roof, Kenton, and Edward J. Myers, Bucyrus, for Thackery.

JUSTICE, J.

Several claims of error are presented. One of them has to do with the refusal of the trial court to give certain written requests before argument. The record discloses that said requests were submitted as an entirety, or as a series, and not separately. Some of them are not sound propositions of law.

In **Ford Motor Company v. Berry, 30 Ohio Appellate 528**, this court held:

"Where some of the requests for instructions submitted as a series, were improper, the court did not commit prejudicial error in refusing to give any of the requests submitted in such series."

We approve and have applied the rule of law enounced in the above·mentioned case. It follows that this claim of error is, in our opinion, not well taken.

Defendant contends, as another claim of error, that the trial court did not have the power and authority to reduce the verdict by remittitur.

In the journal entry in that court, it is stated:

"And the court finding that said verdict was excessive, but not excessive through passion or prejudice on the part of the jury, suggests to counsel for plaintiff if they will consent to a reduction of said verdict to $10,000.00 said verdict will be permitted to stand and said counsel for plaintiff consenting to said reduction to $10,000.00 said motion for a new trial is overruled."

In **Chester Park Company v. Schulte, Admr., 120 OS. 273,** our Supreme Court held:

"If a verdict in an action for unliquidated damages is, in the opinion of the trial court, excessive, but not appearing to be influenced by passion or prejudice, the court may with the assent of plaintiff reduce the verdict by remittitur to any amount warranted by the evidence."

Manifestly, this claim of error is not tenable.

Another claim of error relates to the lack of evidence and also the sufficiency thereof.

Concededly, the petition states a cause of action.

The record discloses evidence tending to prove all the material allegations of the petition. Hence, the motion for a directed verdict for defendant was properly overruled.

Upon the the issue of the skill, care and diligence exercised by the defendant, the evidence is conflicting. Different minds in weighing it might readily come to different conclusions. We, therefore, will not upon this issue disturb the verdict. **Dean et al v. King & Company, 22 OS, 118-134.**

In his amended answer, however, the defendant avers substantially that the alleged injuries were not caused by defendant but are solely the fault of plaintiff. This new matter is denied by plaintiff.

In **Geiselman v. Scott, 25 OS. 86,** our·Supreme Court held:

"If his patient neglects to obey the reasonable instructions of the surgeon and thereby contributes to the injuries complained of, he can not recover for such injuries."

In **Bowers v. Santee, 99 OS. 361,** Judge Wannamaker, at page 368, said:

"The surgeon should have all reasonable time and opportunity to correct the evils which made the operation or treatment necessary, and even reasonable time and opportunity to correct the ordinary and usual mistakes incident to even skilled surgery."

It is, therefore, obvious that this defense is not only proper, but if supported by the greater weight of the evidence is a complete defense to the action at bar.

Now, how stands the evidence upon this issuable fact? In order to answer this question we must look to the record. It discloses that defendant, after learning of the presence of muscular tissue between the ends of the bone, advised an open operation. Admittedly, the plaintiff and his father would not allow either the defendant or any·other surgeon to operate. Several surgeons testified that the instructions of the defendant were reasonable and proper under the circumstances, and gave as their opinion that plaintiff, had he obeyed said instructions, would not have sustained the injuries of which he complains.

Confronted as we are with such evidentiary facts, established as we believe by the overwhelming weight of the evidence, we are constrained to hold that the verdict is not sustained by sufficient evidence.

All other claims of error have been carefully examined and in our opinion are without merit.

Entertaining these views, it follows that the judgment of the court of common pleas should be reversed.

Before Judges Hughes, Justice & Crow.